IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TANYA NICOLE SAUERMILCH PEREZ, | **8:20CV425** |
| Plaintiff, | |
| vs. | **MEMORANDUM AND ORDER** |
| OMAHA POLICE DETECTIVES, O.P.D., | |
| Defendant. | |

Plaintiff filed her Complaint on October 15, 2020. (Filing 1.) She has been granted leave to proceed in forma pauperis. (Filing 5.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff seeks to recover $2 million in damages because when she called to report a crime, no police detectives came to take her statement. (Filing 1 at 4.)

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

Liberally construing Plaintiff's Complaint, this is a civil rights action filed under 42 U.S.C. § 1983. To state a claim under this statute, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

It has been held that "filing a criminal complaint with law enforcement officials constitutes an exercise of the First Amendment right to petition the government for the redress of grievances." *Meyer v. Bd. of Cty. Comm'rs of Harper Cty.,* 482 F.3d 1232, 1243 (10th Cir. 2007) (internal quotation marks and citation omitted); *see Lawrence v. City of St. Paul*, 740 F. Supp. 2d 1026, 1043 (D. Minn. 2010) ("When a victim of a crime reports that crime to a police officer, she is exercising her First Amendment right to petition the government for the redress of grievances."). However, Plaintiff does not allege that any public official interfered with her exercise of that right; in fact, it appears from Plaintiff's Complaint that she reported the alleged crime to uniformed officers even though a detective did not come to take her statement. In short, no First Amendment violation is alleged. *See Wiley v. Austin*, No. 8:20CV220, 2020 WL 5821269, at *5 (D. Neb. Sept. 30, 2020).

Also, there is no general constitutional right to police protection. *Watson v. City of Kansas City*, 857 F.2d 690, 694 (10th Cir. 1988). Although a state may violate the Equal Protection Clause if it discriminates in providing police protection, *see id*., Plaintiff does not allege that she was treated differently by the police for any reason.

To the extent Plaintiff instead may be asserting a tort claim under Nebraska law, this court does not have original jurisdiction to entertain such a claim because she is a citizen of Nebraska. (Filing 1 at 3.) There must be complete diversity of citizenship for subject matter jurisdiction to exist under 28 U.S.C. § 1332.

## IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted. However, the court will allow an amended complaint to be filed within 30 days, in which event the court will conduct another initial review. If an amended complaint is not filed within 30 days, this action will be dismissed without prejudice.

IT IS THEREFORE ORDERED:

1.      On the court's own motion, Plaintiff is given 30 days in which to file an amended complaint that states a claim upon which relief may be granted. **Failure to file an amended complaint within 30 days will result in the court dismissing this case without further notice to Plaintiff.**

2.      The clerk of the court is directed to set the following pro se case management deadline: "November 23, 2020: check for amended complaint."

Dated this 22nd day of October, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge